IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Comest Sabatino Allen, #284870, ) | |
| ) | C.A. No.  0:07-906-HMH-BM |
| Petitioner, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| Christopher Hudson, Jail Administrator, ) | |
| and Henry McMaster, Attorney General ) | |
| of the State of South Carolina, ) | |
| ) | |
| Respondents. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina.[1]  Comest Sabatino Allen ("Allen"), a state prisoner proceeding pro se, filed a petition pursuant to 28 U.S.C. § 2254.  Magistrate Judge Marchant construes Allen's petition as a 28 U.S.C. § 2241 petition and recommends dismissing Allen's petition without prejudice and without issuance and service of process.  For the reasons below, the court dismisses Allen's petition without prejudice and without issuance and service of process.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

1

# I. Factual and Procedural Background

Allen is currently incarcerated at the Kershaw Correctional Institution in Kershaw, South Carolina. On April 4, 2007,[2] when Allen filed the instant petition, he was a pretrial detainee at the R. Eugene Johnson Detention Center in Laurens, South Carolina. Allen states that he was charged with grand vehicle theft and malicious injury to real property in the Laurens County General Sessions Court and with driving under the influence in the Magistrate's Court in Clinton, South Carolina. (Allen's § 2254 Pet. 2.) In his § 2254 petition, Allen alleges ineffective assistance of counsel, violations of his right to a speedy trial, and denial of an evidentiary hearing as grounds for relief. (Id. 2-3.)

# II. Discussion of the Law

## A. Magistrate Judge's Report and Recommendation

Magistrate Judge Marchant construed Allen's petition as pursuant to 28 U.S.C. § 2241 because when Allen filed his petition, he was a pretrial detainee. The Magistrate Judge recommended dismissing Allen's petition because at the time Allen filed the instant petition, he was involved in ongoing state criminal proceedings, and he could pursue his claims "in state court both during and after trial." (Report and Recommendation 4.) Thus, the Magistrate Judge found abstention appropriate pursuant to Younger v. Harris, 401 U.S. 37 (1971).

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

2

Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

### B. Objections

Allen filed objections to the Report and Recommendation. After review, the court finds that Allen's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, and merely restate his claims. However, it appears that Allen is no longer a pretrial detainee because in his objections, Allen raises new allegations of ineffective assistance of counsel arising from the entry of a guilty plea. Therefore, because Allen has pled guilty to his pending state charges, his speedy trial claim is moot.

With respect to Allen's remaining allegations of ineffective assistance of counsel and denial of an evidentiary hearing, Allen has not presented these claims to the highest state court. (Allen's § 2254 Pet. 3.) Therefore, Allen has failed to exhaust his available state remedies. See 28 U.S.C. § 2254(b)(1)(A); Burket v. Angelone, 208 F.3d 172, 184 n.11 (4th Cir. 2000) ("To exhaust state remedies, the petitioner must fairly present the substance of his claim to the state's highest court."). Based on the foregoing, the court adopts the Report and Recommendation of Magistrate Judge Marchant that Allen's claim be dismissed without prejudice and without issuance and service of process.

Therefore, it is

**ORDERED** that Allen's § 2254 petition is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

                                                       s/Henry M. Herlong, Jr.
                                                       United States District Judge

Greenville, South Carolina
May 10, 2007

**NOTICE OF RIGHT TO APPEAL**

The petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.